**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SONIA MICHELE COFIELD** | * | |
| | * | |
| **v.** | * | **Civil Case No. GLR-16-2709** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the Commissioner's dispositive motion, (ECF No. 15), and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Plaintiff, Sonia Michele Cofield, who is appearing *pro se,* did not file a motion for summary judgment and did not respond to the Commissioner's Motion for Summary Judgment.[1]  (ECF No. 15).  I have considered the Commissioner's Motion.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2016).  This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will recommend that the Court grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Cofield filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on August 23, 2012.  (Tr. 155-64).  She initially alleged a disability

---

[1] After the Commissioner filed her Motion for Summary Judgment on January 31, 2017, a Rule 12/56 letter was mailed to Ms. Cofield, advising her of the potential consequences of failure to oppose the Commissioner's motion. (ECF No. 16).  Ms. Cofield has not filed anything in response.

onset date of December 31, 2006.[2]  *Id.*  Her claims were denied initially and on reconsideration. (Tr. 92-99, 101-04).  A hearing, at which Ms. Cofield was represented by counsel, was held on December 18, 2014, before an Administrative Law Judge ("ALJ").  (Tr. 30-53).  Following the hearing, the ALJ determined that Ms. Cofield was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 15-29).  The Appeals Council ("AC") denied Ms. Cofield's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Cofield suffered from the severe impairments of "migraine headaches, arthritis, and diabetes."  (Tr. 20).  Despite these impairments, the ALJ determined that Ms. Cofield retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can do no more than occasional climbing of ramps, stairs, ladders, ropes, and scaffolds; she can do no more than occasional balancing, stooping, kneeling, crouching, and crawling; and she is limited to simple and routine work.

(Tr. 21).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Cofield could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 24-25).

I have carefully reviewed the ALJ's opinion and the entire record.  *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).  For the reasons described below, substantial evidence supports the ALJ's decision.

---

[2] At her hearing, Ms. Cofield amended her alleged onset date to December 31, 2011.  (Tr. 34).

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation.  The ALJ ruled in Ms. Cofield's favor at step one and determined that she has not engaged in substantial gainful activity since her alleged onset date.  (Tr. 20); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  At step two, the ALJ then considered the severity of each of the impairments that Ms. Cofield claimed prevented her from working.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  After finding at least one of Ms. Cofield's impairments severe, (Tr. 20), the ALJ continued with the sequential evaluation and considered, in assessing Ms. Cofield's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Ms. Cofield's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings.  (Tr. 20-21).  In particular, the ALJ considered the specific requirements of Listing 1.02, which pertains to arthritis.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02.  In considering Listing 1.02, the ALJ determined that "while [Ms. Cofield] has some knee arthritis, consultative examiner Dr. Reddy noted that she displayed a normal gait, and did not appear to have difficulty with weight bearing." (Tr. 21) (citing (Tr. 328, 39).  I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. Cofield's RFC, the ALJ summarized her subjective complaints from her hearing testimony.  (Tr. 21).  The ALJ then engaged in a detailed review of her medical records and objective testing.  (Tr. 21-24).  Specifically, the ALJ noted that Ms. Cofield's "joints showed normal range of motion," her "gait and grip strength were normal," and her upper and lower extremity strength were normal. (Tr. 23).  In addition, the ALJ noted that Ms. Cofield demonstrated "full range of motion with no crepitance or instability," showed no evidence of "knee swelling," and experienced only "slight diffuse tenderness of both knees."  (Tr. 22).

Moreover, the ALJ noted that, despite some objective evidence of "moderate to severe arthritis changes in her bilateral knees," (Tr. 23), Ms. Cofield "moved her extremities well," *id.*, and "could do work that would allow her to get up to relieve her discomfort," (Tr. 22). Furthermore, the ALJ noted that, upon examination, Ms. Cofield "was able to sit, stand, walk, [and] move around," "[got] onto the examination table without difficulty, and did not require any ambulatory aids."  (Tr. 23). Based on this evidence, the ALJ found that, "although [Ms. Cofield] has some degenerative disc disease in her…knees, she is capable of sitting, standing, walking, and carrying objects," (Tr. 24), and is able to perform medium work, (Tr. 21).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Even if there is other evidence that may support Ms. Cofield's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, the ALJ determined that, pursuant to her RFC assessment, Ms. Cofield was unable to perform her past relevant work as an accounting clerk.  (Tr. 24).  Accordingly, the ALJ proceeded to step five, where she considered the impact of Ms. Cofield's age and level of education on her ability to adjust to new work. (Tr. 24-25).  In doing so, the ALJ cited the VE's testimony that a person with Ms. Cofield's RFC would be capable of performing the jobs of "dishwasher," "rural mail carrier," and "bagger."  (Tr. 25).  Based on the VE's testimony, the ALJ concluded that Ms. Cofield was capable of successfully adjusting to other work that exists

in significant numbers in the national economy.  *Id.*  Accordingly, I find that the ALJ's determination was supported by substantial evidence.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, [ECF No. 15]; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  March 22, 2017                                      _____/s/_____

Stephanie A. Gallagher
United States Magistrate Judge